UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>NICHOLAS LABER,<br><br>　　　　　Defendant. | 5:21-CR-50158-KES-1<br><br><br>ORDER DENYING MOTION<br>TO REDUCE SENTENCE |

Defendant, Nicholas Laber, filed a motion, under 18 U.S.C. § 3582(c)(2), requesting a reduction to his sentence pursuant to new retroactive Sentencing Guidelines provisions. Docket 53. Plaintiff, the United States of America, opposes Laber's motion. Docket 56. Laber filed a reply to the United States response. Docket 57. For the following reasons, Laber 's motion for a sentence reduction is denied.

## DISCUSSION

The process for considering a Section 3582(c) motion is well established. As the Supreme Court has made clear, Section 3582(c) "does not authorize a . . . resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Rather, it provides only for the possibility of "a limited adjustment to an otherwise final sentence" following a "two-step approach." *Id.* at 826, 827.

"At step one, § 3582(c)(2) requires the court to follow the Commission's instructions . . . to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. As to whether the defendant is eligible for any reduction, "§ 1B1.10(b)(1) requires the

court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1)). If the amendment would not have altered the defendant's sentencing range even if it had been applicable at the time of the defendant's sentencing, then the defendant is not eligible for a sentencing reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the retroactive amendment] does not have the effect of lowering the defendant's applicable guideline range.").

Laber's Guideline range, based on a total offense level of 20 and a Criminal History Category of III, was 41-51 months in custody. Docket 44 at 19; Docket 46-1 at 1. He obtained 2 "status points" for committing the instant offense while under a criminal justice sentence. Docket 44 at 11. On August 18, 2022, the court sentenced Laber to a term at the bottom of his original Guideline range, which was 41 months in prison, for possession of a firearm by a prohibited person. Docket 46.

On February 9, 2024, Laber filed a motion requesting a reduction to his sentence pursuant to new retroactive Sentencing Guidelines provisions under 18 U.S.C. § 3582(c)(2). Docket 53 at 1. Laber believes he qualifies under Amendment 821, Part A, which modified U.S.S.G. 4A1.1(e) to eliminate the two criminal history "status points" previously applied for committing a federal offense while under a criminal justice sentence. *Id.* at 4. He requests a

sentence to a term of 37 months in custody, the low end of the recalculated Guidelines range if the reduction is applied. *Id.*

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in U.S.S.G. § 4A1.1(e). The amended provision states:

> Add one point if the defendant (1) receives 7 or more points under subsections [§ 4A1.1(a)] through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(e). The Commission decreed that this change applies retroactively. *See* § 1B1.10(e)(2) (Nov. 1, 2023).

Consistent with the amended U.S.S.G. § 4A1.1(e) and the analysis set forth in *Dillon*, Laber meets the criteria for such a reduction. With that reduction, he now receives 0 status point instead of 2, and has a total of 2 criminal history points. That amendment places him in Criminal History Category II, and reduces the advisory Guideline range to 37-46 months in custody. *See* U.S.S.G., Ch. 5, Pt. A (Sentencing Table).

Section 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining ... whether a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. 1B1.10, cmt. n.1(B)(i). "The grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary," even when the guideline range is actually reduced. *United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998). Under

the "Background" to U.S.S.G. § 1B1.10, "[t]he authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right." In the context of First Step Act reductions, the Eighth Circuit held "[o]nce a district court determines that a defendant is eligible for a sentence reduction, it has 'substantial discretion' to choose whether to reduce the sentence." *United States v. Burnell*, 2 F.4th 790, 792 (8th Cir. 2021) (citing *United States v. Hoskins*, 973 F.3d 918, 921 (8th Cir. 2020)).

Subject to the limits set forth in § 1B1.10(b), a court may consider all pertinent information in applying the § 3553(a) factors and determining whether and by how much to reduce a defendant's sentence. *Dillon*, 560 U.S. at 821–22. Section 3553(a), in addition to requiring consideration of the applicable guidelines and policy statements of the Sentencing Commission, mandates the sentencing judge to consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed— (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available. 18 U.S.C. § 3553(a). Additionally, "nothing prohibits a court from considering new

4

facts that it had no opportunity to address the first time around." *United States v. Darden*, 910 F.3d 1064, 1068 (8th Cir. 2018).

Laber's offense of conviction involves him possessing a firearm while being prohibited from possessing firearms as a result of a 2020 felony conviction for Possession of a Firearm with an Altered Serial Number. Docket 44 at 5. The firearm was confirmed to be stolen out of Nebraska. *Id.* at 6-7. When Laber was arrested, there was a glass pipe with burnt marijuana in the center console, tinfoil strips, and a burnt straw on the floorboard. *Id.* at 6. A probable cause search of the vehicle yielded multiple ounces of methamphetamine, .25 ounce of heroin, and several other drug paraphernalia items. *Id.* Further, Laber's driver's license was revoked, and his vehicle lacked insurance. *Id.*

Laber's adult criminal history began when he was 18 years old. *Id.* at 7. He has prior felony convictions for possession of a firearm with an altered serial number and multiple convictions for driving under the influence. *Id.* at 8-11. Three different people on four occasions have petitioned for protection orders against Laber, based on allegations of stalking or domestic abuse. *Id.* at 13.

Laber's Inmate Discipline Data shows numerous disciplinary problems. Docket 55. The most recent misconduct occurred on December 31, 2023, when he refused to obey an order. *Id.* at 1. On December 8 and November 13, 2023, he was sanctioned for committing assault without serious injury in two separate incidents. *Id.* at 1-2. On November 14 and August 15, 2023, he was sanctioned two separate times for being insolent to staff at the prison. *Id.* at 2-

5

3, 6. On December 11, November 23, October 13, and August 15, 2023, he received four separate sanctions for threatening bodily harm. *Id.* at 1, 3, 4, 6. On December 1 and November 29, 2023, he was sanctioned for destruction of property on two separate occasions. *Id.* at 1, 3, 5. On December 31, November 21, and October 5, 2023, he was sanctioned for refusing to obey an order on three occasions. *Id.* He received another sanction for refusing a drug or alcohol test on October 12, 2023, and for the use of drugs or alcohol on December 18, 2022. *Id.* at 5-6.

During the presentence report interview, Laber described his overall health as poor because the medications he takes makes him tired. *Id.* at 15. He has hypothyroidism, pituitary insufficiencies, and pituitary adenoma. *Id.* Laber was diagnosed with bipolar depression, manic depression, anxiety, mood disorder, and post-traumatic stress disorder. *Id.* Regarding Laber's substance use, he admitted he first consumed alcohol at the age of 12, marijuana at the age of 14, and methamphetamine at the age of 16. *Id.* at 16. Methamphetamine has been involved in many of Laber's arrests, including the instant offense. *Id.* Laber participated in court-ordered outpatient treatment at Grunt Alcohol & Drug Counseling, Recovery Outpatient Alcohol and Drug Services, and the Care Campus. *Id.* at 16.

The next factor the court considers is the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense[.]" 18 U.S.C. § 3553(a)(2)(A). Laber committed a serious offense. Granting a sentence reduction would not promote respect for

6

the law nor provide just punishment. The court's interest in just punishment demands that Laber's sentence reflect the gravity of his offense.

The remaining § 3553(a) factors also do not support a sentence reduction. If the court were to grant compassionate release, similar conduct in others would not be deterred because Laber's punishment would not be severe enough to act as an effective deterrent. *See* 18 U.S.C. § 3553(a)(2)(B).

## CONCLUSION

It is ORDERED that Laber's motion (Docket 53) is DENIED.

Dated March 8, 2024.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE